UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case 5:26-cv-04703-MBK | Date | August 19, 2026 |
| Title | Miguel Andres Ibarra Marin v. Fereti Semaia, et al. | | |

| | |
|---|---|
| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |

| | |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** ORDER GRANTING IN PART AND DENYING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (DKT. 4)

Pending before the Court is Petitioner Miguel Andres Ibarra Marin's Application for A Temporary Restraining Order ("TRO"). Dkt. 4. For the reasons that follow, the Court **DENIES** without prejudice Petitioner's request for immediate release from custody and **GRANTS** his request to prohibit his transfer pending the resolution of his habeas proceedings.

In determining whether to issue a TRO, courts consider the same four factors applicable to a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical"). The *Winter* factors may be evaluated on a sliding scale such that "a stronger showing of one element may offset a weaker showing of another." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (en banc) (citation omitted). "When the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id.* (citation omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right," but rather only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 24.

The Court denies Petitioner's request for a bond hearing without prejudice. This Court recently adopted a General Order that sets a default schedule in immigration habeas cases like this one. *See* Central District of California General Order ("GO") 26-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case 5:26-cv-04703-MBK | Date | August 19, 2026 |
| Title | Miguel Andres Ibarra Marin v. Fereti Semaia, et al. | | |

Under the default schedule that was ordered in this case, Respondents are required to file a response to the Petition by August 26, 2026, and Petitioner may file a reply by August 29, 2026. Dkt. 7. The Court adopted this expedited briefing schedule in part "to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order." GO 26-05 at 5. The Order explains that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.*

Here, Petitioner's TRO application does not explain why Petitioner's request for a bond hearing "cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). While the Court recognizes that Petitioner claims his ongoing detention is unlawful and that he is separated from his family while detained, (Dkt. 4 at 9-11), he does not identify specific "imminent, irreparable" harm that warrants faster relief than is available under the expedited schedule ordered on the Petition.

However, the Court orders Respondents not to remove the Petitioner from this District pending the resolution of her Petition. "District courts in immigration habeas actions . . . retain the inherent equitable authority to restrict the transfer of petitioners during the pendency of the proceedings." *Quijada Cordoba v. Knight*, No. 1:25-cv-00605-BLW, 2025 WL 3228945, at *4 (D. Idaho Nov. 19, 2025) (citing *Oliveros v. Kaiser*, No. 25—cv-07117-BLF, 2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025)). Petitioner's counsel is located in California. Petitioner's transfer outside the District would therefore frustrate his ability to continue to litigate his habeas petition, as well as unnecessarily prolong these expedited proceedings. As such, it is reasonable to prevent Petitioner's transfer outside the District during the relatively short period it will take to resolve this petition. *See Jimenez-Mejia v. Mullin et al.*, No. 5:26-cv-01257-MRA-DFM, 2026 WL 851430, at *2 (C.D. Cal. Mar. 25, 2026). Nothing prevents Respondents from moving for relief from this restriction based on a material change in circumstances or other extraordinary circumstances.

Accordingly, the Court **ORDERS** Respondents not to remove Petitioner outside the Central District of California pending the resolution of this matter.[1] The Court will

[1] The Court exercises its discretion not to impose any security pursuant to Federal Rule of Civil Procedure 65(c) because it is unlikely that Respondents will incur any significant cost from this injunction. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case 5:26-cv-04703-MBK | Date | August 19, 2026 |
| Title | Miguel Andres Ibarra Marin v. Fereti Semaia, et al. | | |

address Petitioner's remaining claims for relief after the completion of briefing on the Petition.

**IT IS SO ORDERED.**