**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ANDRES IBARRA MARIN,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-04703-MBK<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Miguel Andres Ibarra Marin, a native and citizen of Mexico, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner most recently entered the United States on December 20, 2024, on a nonimmigrant visa that authorized him to remain through June 19, 2025. During his time in the United States, Petitioner has lived with his fiancé, who is a United States citizen, and enrolled in classes to learn English and obtain a pilot's license.

On or around August 6, 2026, immigration authorities arrested Petitioner and charged him as removable for overstaying his visa. In this

habeas action, Petitioner challenges his continued detention under the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause. For the reasons that follow, the Court concludes that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), but has not shown that he is entitled to release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Miguel Andres Ibarra Marin is a 29-year-old native and citizen of Mexico. Dkt. 2 at 6. He was issued a B-1/B-2 visa and Border Crossing Card on November 3, 2022, valid through October 31, 2032. *Id.* He has travelled between the United States and Mexico multiple times since November 3, 2022. *Id.* Most recently, on December 20, 2024, Petitioner entered the United States through Los Angeles International Airport as a nonimmigrant visitor, with authorization to remain through June 19, 2025. *Id.*

Petitioner has developed significant ties during his time in the United States. Petitioner has resided with his fiancé, Beatriz Muñoz Mercado, who is a United States citizen and homeowner in Lakewood, California. *Id.* at 7. He has pursued his educational and professional development by studying English through the Los Angeles Unified School District's adult education program and at Bell Adult School, and by attending aviation training to become a commercial pilot. *Id.* at 6. In support of his Petition, Petitioner submitted letters from Ms. Mercado and other individuals attesting to Petitioner's hard work, generosity, self-reliance, and service to others. *Id.* at 7; Dkt. 2-2. Petitioner has no criminal convictions in the United States. *Id.* at 3.

On August 6, 2026, immigration authorities arrested Petitioner, who is now detained at Adelanto. *Id.* at 8. Following his arrest, DHS initiated

removal proceedings against Petitioner by issuing a Notice to Appear ("NTA"), dated August 6, 2026. *Id.* The NTA charges him as removable under INA § 237(a)(1)(B) for remaining in the United States beyond the authorized period. *Id.* Petitioner's removal proceedings remain pending before the Adelanto Immigration Court, and he is not subject to a final order of removal. *Id.*

On August 19, 2026, Petitioner filed the instant habeas petition alleging violations of due process, the Immigration and Nationality Act, and the Administrative Procedure Act. *Id.* at 21-27. Among other relief, Petitioner requests the Court order his immediate release or, alternatively, a prompt and constitutionally adequate custody hearing. *Id.* at 27.

On the same day, Petitioner filed an ex parte application for a temporary restraining order ("TRO"), requesting the Court enjoin transfer of Petitioner outside the District and order Respondents to immediately release Petitioner pending adjudication of his habeas petition. Dkt. 4. This Court denied the request for immediate release, finding that Petitioner had not shown "imminent, irreparable" harm to warrant faster relief than is available under the expedited schedule established by General Order 26-05. Dkt. 8 at 2. However, the Court granted the request to prohibit Petitioner's transfer pending the resolution of this case to ensure he has access to his counsel, who are located in this District. *Id.*

On August 26, 2026, Respondents filed their response, arguing that Petitioner was being held lawfully pursuant to 8 U.S.C. § 1226(a) and that he has not exhausted his available administrative remedies. Dkt. 11 at 2-3. Respondents further suggest the appropriate remedy, if any, would be a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 3.

Petitioner filed his traverse on August 31, 2026, arguing that there is no statutory exhaustion requirement applicable to his claims and that his

continued detention is neither required nor appropriate without an individualized custody determination. Dkt. 12 at 3-5, 7-10. Petitioner reiterated that the proper remedy was immediate release or, alternatively, a prompt and constitutionally adequate custody hearing. *Id*. at 12-13.

## II. DISCUSSION

Petitioner argues that his ongoing detention violates due process, the Immigration and Nationality Act, and the Administrative Procedures Act because he is being detained without an individualized custody determination. Dkt. 2 at 21-27.

It is not entirely clear why Petitioner has not had a bond hearing to date. Respondents appear to suggest that they previously treated Petitioner as detained under Section 1225(b) as an applicant for admission. *See* Dkt. 11 at 1 ("Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A))."). However, Petitioner entered the United States on a temporary visa and did not enter without inspection. Dkt. 2 at 6. He therefore should not have been subject to DHS's interpretation of Section 1225(b) that *Rodriguez Vazquez* found unlawful.

Regardless, the parties are now in agreement that Petitioner is subject to detention under 8 U.S.C. § 1226(a), under which he is eligible for a bond hearing. Section 1226(a) is "the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). The statute provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is

to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner claims that he is entitled to release because he has been held without a bond hearing to date. But there is no indication that Petitioner has requested a bond hearing under Section 1226(a) or that the Immigration Court denied any such request. This is therefore not—as Petitioner asserts—like cases in which "noncitizens governed by § 1226(a)" had been denied "meaningful access to individualized custody procedures." *Id*. at 13 (collecting cases). As such, Petitioner fails to show that the Government was obligated to schedule him for a bond hearing without a request or that his approximately one-month long detention without a bond hearing violates due process or the Immigration and Nationality Act.

Respondents argue that the Court should decline to address Petitioner's alternative request for relief—for a constitutionally adequate bond hearing—because he has not exhausted administrative remedies by requesting a bond hearing in Immigration Court. Dkt. 11 at 3 ("To the extent Petitioner has not yet requested such a bond hearing from the Immigration Court, Petitioner has not yet properly exhausted his available administrative remedies, and his Petition is defective on that basis"). But while Petitioner could obtain a bond hearing Immigration Court under Section 1226(a), he seeks "constitutionally adequate" protections beyond those typically applied at bond hearings under the statute: namely, that the Government bear the burden by "clear and convincing" evidence to justify his continued detention. *See* Dkt. 12 at 12.[1] By

[1] In his reply brief, Petitioner also seeks two additional protections: consideration of less restrictive alternatives, and a written, reasoned decision. Dkt. 12 at 12. The Court declines to consider arguments made for the first time in a reply brief. *See*

contrast, at a bond hearing under Section 1226(a), a noncitizen ordinarily bears the burden by a preponderance of the evidence. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release.") (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

It is not clear that the BIA would consider such a claim because it "does not have jurisdiction to determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006); *See In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). Because raising a constitutional challenge to the standard and burden of proof would be "futile" in the immigration courts, the Court finds that a waiver of exhaustion is warranted. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).

Nonetheless, the Court concludes that Petitioner has not shown that due process requires the Government to bear the burden by "clear and convincing" evidence at his bond hearing. As Petitioner observes, the Ninth Circuit has held that due process requires the Government to bear the burden by "clear and convincing" evidence to justify a noncitizen's prolonged detention without a bond hearing. *See Singh v. Holder*, 638 F.3d 1196, 1203-05 (9th Cir. 2011). However, the Ninth Circuit has since rejected that "the Due Process Clause entitle[d]" a noncitizen detained under Section 1226(a) to "a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." *Rodriguez Diaz*, 53 F.4th at 1203-14. The court

---

*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

concluded that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz." *Id*. at 1203. While the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures," (*id*. at 1214), Petitioner does not identify any reason why due process requires heightened protections in his case.

The Court therefore concludes that Petitioner is entitled to the typical procedures applied to a bond hearing under 8 U.S.C. § 1226(a).

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition in part; (2) a writ of habeas corpus be issued requiring Petitioner Miguel Andres Ibarra Marin's (A# 246-062-020) release from Respondents' custody unless he is afforded a new bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[2]; and (3) that Respondents file a status report within ten (10) calendar days from the date of this order confirming compliance with this order.

Dated: September 3, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

[2] Nothing in this order precludes Petitioner from seeking a continuance of the bond hearing consistent with applicable Immigration Court rules.